1 | Tanja L. Darrow, Bar No. 175502
tdarrow@littler.com
2 | LITTLER MENDELSON P.C.
633 West 5th Street
3 | 63rd Floor
Los Angeles, California 90071
4 | Telephone: 213.443.4300
Fax No.: 800.715.1330
5

6 | Chase Parongao, Bar No. 336506
cparongao@littler.com
7 | LITTLER MENDELSON P.C.
2049 Century Park East
8 | 5th Floor
Los Angeles, California 90071
9 | Telephone: 310-553-0308
Fax No.: 310-553-5583
10

11

12 | Attorneys for Defendant
NATIONWIDE MUTUAL INSURANCE CO.

13 | UNITED STATES DISTRICT COURT

14 | CENTRAL DISTRICT OF CALIFORNIA

15 | SOUTHERN DIVISION

16

17

| | |
|---|---|
| MARCELLE LUCERO, | Case No. 2:23-cv-2804 |
| Plaintiff, | **DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL** |
| v. | **[28 U.S.C. §§ 1332, 1441, 1446]** |
| NATIONWIDE MUTUAL INSURANCE CO.; and DOES 1 to 10, | |
| Defendants. | |
| | Complaint Filed: Orange County Superior Court |

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION, AND ALL PARTIES OF RECORD:**

PLEASE TAKE NOTICE that Defendant NATIONWIDE MUTUAL INSURANCE CO. ("Defendant") hereby removes the above-entitled action to this Court from the Superior Court of the State of California for the County of Orange, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

## I.    JURISDICTION AND VENUE ARE PROPER

1.    This Court has original jurisdiction over this matter based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a).  Defendant may remove this matter to this Court pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.  28 U.S.C. §§ 1332, 1441(a), 1446(b).

2.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391, 1446.

## II.    STATUS OF THE PLEADINGS

3.    This lawsuit arises out of Plaintiff Marcelle Lucero's ("Plaintiff") prior employment with Defendant. On March 8, 2023, Plaintiff commenced this action by filing a complaint in the Superior Court of California, County of Orange entitled *Marcelle Lucero v. Nationwide Mutual Insurance Co., et al.*, designated as Case No. 30-2023-01312329-CU-WT-CJC ("Complaint").  (Declaration of Tanja L. Darrow in Support of Defendant's Notice to Federal Court of Removal ("Darrow Decl.") ¶ 2, Exhibit ("Exh.") A, Complaint).  The Complaint alleges six causes of action: (1) Wrongful Termination in Violation of Public Policy (Cal. Gov. Code § 12940(a); (2) Disability Discrimination (Cal. Gov. Code § 12940 *et seq.*; (3) Retaliation (Cal. Gov. Code § 12940(h); (4) Failure to Take Reasonable Steps to Prevent Discrimination (Cal. Gov. Code § 12940(k); (5) Failure to Provide Reasonable Accommodation (Cal. Gov. Code § 12940(k); and (6) Failure to Engage in the Interactive Process (Cal. Gov. Code § 12940(n).  (*Id.*).

LITTLER MENDELSON
P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

1

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

4.     On March 17, 2023, Plaintiff served Defendant's agent for service of process with Plaintiff's Complaint and Summons Packet.  (Darrow Decl. ¶ 4).

5.     On April 12, 2023, Defendant filed its Answer to Plaintiff's unverified Complaint in the Superior Court of the County of Orange.  (Darrow Decl. ¶ 5, Exh. B).

6.     To Defendant's knowledge, the documents attached to the Declaration of Tanja L. Darrow constitute all process, pleadings, and orders served upon Defendant or filed in the State Court action by Defendant.

## III.    TIMELINESS OF REMOVAL AND NOTICE

7.     This Notice of Removal is timely in that it has been filed within thirty (30) days of service upon Defendant of the Summons and Complaint on March 17, 2023, and within one year of the filing of the Complaint on March 8, 2023.  *See* 28 U.S.C. § 1446(b).

8.     On April 14, 2023, or shortly thereafter, Defendant will file with the Orange County Superior Court and serve Plaintiff's counsel, The Sweeney Law Firm, located at 15303 Ventura Blvd., Suite 900, Sherman Oaks, CA 91403 and The Law Offices of Jonathan J. Moon, located at 18000 Studebaker Rd., Suite 700, Cerritos, CA 90703, with a copy of the Notice to State Court and Adverse Parties of Removal of Civil Action to Federal Court.  (Darrow Decl. ¶ 7, Exh. C).

## IV.    COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

9.     The Court has jurisdiction over this action because complete diversity of citizenship between citizens of different states exists and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs.  28 U.S.C. § 1332(a).

10.     For purposes of removal, the citizenship of doe defendants is disregarded and only named defendants are considered.  28 U.S.C. § 1441(b)(1); *see Newcombe v. Adolf Coors Co.*, 157 F.3d 686 (9th Cir. 1998).  Therefore, the defendants designated as DOES 1 through 10 are fictitious defendants, are not parties

LITTLER MENDELSON P.C.
Attorneys at Law
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

2

DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL

to this action, have not been served, and are to be disregarded for purposes of this removal. 28 U.S.C. § 1441(a), (b).

### A. Plaintiff is a Citizen of California

11. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. *Bank of N.Y. Mellon v. Nersesian*, No. CV13-2604PA(Ex), 2013 WL 8284799, at *3 (C.D. Cal. Apr. 16, 2013) (*citing Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983)). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Id.* Residence is *prima facie* evidence of one's domicile. *Sadeh v. Safeco Ins. Co.*, No. CV12-03117SJO(PLAx), 2012 WL 10759737, at *2 (C.D. Cal. June 12, 2012) (*citing State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)).

12. In her Complaint, Plaintiff states the following: "Plaintiff at all times herein relevant was an individual residing in Los Angeles County, State of California." (Darrow Decl. ¶ 2, Exh. A, Complaint ¶ 5). Plaintiff is, therefore, a citizen of California for purposes of the instant jurisdictional analysis. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

### B. Defendant is not a Citizen of California

13. In determining diversity jurisdiction, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1). As to the latter aspect of the corporate citizenship analysis, the U.S. Supreme Court adopted a single, uniform test to determine a "principal place of business": the "nerve center" test. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). The Court explained, the "nerve center" is normally located where the corporation maintains its corporate headquarters and where the "corporation's officers direct, control, and coordinate the corporation's activities." *Id*. This analysis focuses on the place at which the corporation's executive

LITTLER MENDELSON
P.C.
Attorneys at Law
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

3

DEFENDANT'S NOTICE TO FEDERAL
COURT OF REMOVAL

1   and administrative functions are conducted. *See Indus. Tectronics, Inc. v. Aero Alloy*,
2   912 F.2d 1090, 1092-93 (9th Cir. 1990).

3       14.    At the time of filing, Defendant was (and still is) incorporated in the
4   state of Ohio. (Declaration of Crystal Olivar ("Olivar Decl."), ¶ 5). Additionally,
5   Defendant's headquarters, including its executive and administrative officers, are
6   located in Columbus, Ohio, which is where nearly all of the executive and
7   administrative functions are carried out. (*Id.*).  Accordingly, Defendant is a citizen of
8   Ohio.

9   **V.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

10      15.    The Court has jurisdiction over this case because, in addition to
11  complete diversity between the parties, the amount placed in controversy by
12  Plaintiff's alleged claims exceeds $75,000, exclusive of interest and costs. 28 U.S.C.
13  § 1332(a). Therefore, because the amount in controversy exceeds $75,000, the second
14  requirement of diversity jurisdiction is satisfied.

15      16.    Plaintiff's Complaint does not specify the amount that Plaintiff seeks to
16  recover from Defendant in this action.  Where removal is based on diversity of
17  citizenship and the initial pleading seeks a money judgment but does not demand a
18  specific sum, "the notice of removal may assert the amount in controversy," 28
19  U.S.C. § 1446(c)(2), and a removing defendant "need include only a plausible
20  allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*
21  *Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).  Here, the
22  Complaint does not indicate a total amount of damages claimed; consequently,
23  Defendant only needs to show by a preponderance of the evidence (that it is more
24  probable than not) that Plaintiff's claimed damages exceed the jurisdictional
25  minimum. *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 862 (9th Cir. 1996).

26      17.    In measuring the amount in controversy, this Court must assume that the
27  allegations in the complaint are true and that a jury will return a verdict for the

28

LITTLER MENDELSON
P.C.
Attorneys at Law
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

4

DEFENDANT'S NOTICE TO FEDERAL
COURT OF REMOVAL

plaintiff on all claims asserted. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is the amount put "in controversy" by the plaintiff's complaint, and now how much, if anything, the plaintiff will actually recover. *Rippee v. Boston Market Corp*., 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (citing *Schere v. Equitable Life Assurance Soc'y of the United States*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by the plaintiff's complaint)). Further, as one district court recently held, "[u]nder this standard, 'the removing party's burden is 'not daunting,' and defendants are not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Cagle v. C & S Wholesale Grocers, Inc*., No. 2:13-CV-02134-MCE, 2014 WL 651923, at *7 (E.D. Cal. Feb. 19, 2014) (citations omitted).

18.    The removal statute requires a defendant seeking to remove a case to federal court to file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The Supreme Court in *Dart Cherokee Basin Operating Co. v. Owens* recognized that "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Only if the plaintiff contests or the court questions the allegations of the notice of removal is supporting evidence required. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014). Otherwise, "the defendant's amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court jurisdiction. *Id*.

19.    Plaintiff's Complaint alleges six causes of action: (1) Wrongful Termination in Violation of Public Policy (Cal. Gov. Code § 12940(a); (2) Disability Discrimination (Cal. Gov. Code § 12940 *et seq*.; (3) Retaliation (Cal. Gov. Code §

LITTLER MENDELSON
P.C.
Attorneys at Law
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

5

DEFENDANT'S NOTICE TO FEDERAL
COURT OF REMOVAL

12940(h); (4) Failure to Take Reasonable Steps to Prevent Discrimination (Cal. Gov. Code § 12940(k); (5) Failure to Provide Reasonable Accommodation (Cal. Gov. Code § 12940(k); and (6) Failure to Engage in the Interactive Process (Cal. Gov. Code § 12940(n).   (Darrow Decl. ¶ 2, Exh. A, Complaint).   Although Defendant denies the validity and merit of Plaintiff's claims and the underlying allegations, and further denies that Plaintiff is entitled to any relief, Plaintiff's allegations establish an amount in controversy in excess of the jurisdictional minimum of $75,000, exclusive of interest and costs, as set forth below:

### A.    Emotional Distress Damages

20.    Plaintiff seeks damages for emotional distress. (Darrow Decl., ¶ 2, Exh. A, Complaint ¶¶ 31, 42, 53, 64, 73, 80). Plaintiff's potential recovery of such damages further augments the foregoing amounts and demonstrates that the jurisdictional prerequisite for removal of this action is met. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (holding that emotional distress damages are included in determining amount in controversy); *see also Velez v. Roche*, 335 F. Supp. 2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination and harassment cases awarding emotional distress damages and concluding that "substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . that the plaintiff suffered heightened mental anguish").

21.    Although Defendant disputes that Plaintiff is entitled to any such award, plaintiffs in employment cases have been awarded substantial sums for emotional distress. *See, e.g., Gardenhire v. Hous. Auth. of Los Angeles*, 85 Cal. App. 4th 236, 240-241 (2002) (affirming judgment, including jury award of $1.3 million in emotional distress damages for wrongful termination in violation of public policy claim); *Swinton v. Potomac Corp.*, 270 F.3d 794 (9th Cir. 2001) (award of $30,000); *Coleman v. Assurant, Inc.*, 463 F. Supp. 2d 1164, 1168 (D. Nev. 2006) (emphasizing,

LITTLER MENDELSON P.C.
Attorneys at Law
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

6

DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL

"[i]t it well established that punitive damages are part of the amount in controversy in a civil action.") (citing *Gibson*, 261 F.3d at 945); *Richmond v. All State Ins*., 897 F. Supp. 447, 449-50 (S.D. Cal. 1995) (concluding that general and special damages are included in the amount in controversy).

22. For example, *Nimmo v. Montage Hotels & Resorts, LLC*, No. 30-2009-00117583-CU-WT-CJC, 2012 Jury Verdicts LEXIS 2353 (Cal. Super. Ct. Feb. 16, 2012), was a disability discrimination case with allegations similar to those here. In *Nimmo*, the plaintiff-employee returned to work from medical leave related to knee and foot surgery. Shortly after returning from leave, the employee sought a further leave of absence as an accommodation. *See id*. The employer in *Nimmo* claimed that the plaintiff had no disability that required special accommodations and separated his employment. *See id*. Ultimately, the jury found the employer liable and awarded $275,000 in emotional distress damages along with $100,440 in economic damages. *See id*. In *Martin v. Arrow Elecs.*, No. SAV041134JVS, 2006 WL 2044626 (C.D. Cal. June 12, 2006), the plaintiff was awarded over one million dollars (including $300,000 for claimed pain and suffering) for allegations of, among others, disability discrimination and wrongful termination. Likewise, in *Snider v. Laquer*, BC329157, 2006 WL 4050121 (Cal. 2006), the plaintiff was awarded over $1,000,000 for pain and suffering based in part on disability discrimination.

23. Here, the issues of accommodation and lawfulness of Plaintiff's termination are similar to those at issue in the cases discussed above. Considering that Plaintiff seeks various types of damages, the amount of damages claimed by Plaintiff clearly meets the minimum amount in controversy.

**B.    Lost Wages**

24. Plaintiff also seeks lost wages. (Darrow Decl., ¶ 2, Exh. A, Complaint ¶ 81). Should Plaintiff prevail on her wrongful termination and/or discrimination claims, she potentially could recover lost wages and benefits through the date of trial.

LITTLER MENDELSON P.C.
Attorneys at Law
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

7

DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL

Cal. Lab. Code § 6310(b). *See* Judicial Council of California, Civil Jury Instructions ("CACI") No. 2433 (2018); *Wise v. S. Pac. Co.*, 1 Cal. 3d 600, 607 (1970).

25.　　At the time Plaintiff's employment ended on or about December 31, 2022, she earned $21.00 per hour. At the end of December 2021, the last full year of continued employment, Plaintiff's rate of pay was $18.85, and her year-to-date gross earnings were $38,192.71 (or approximately $3,182.73 per month). (Olivar Decl. ¶ 4). If Plaintiff were to recover back wages from December 31, 2022, to present, she could potentially recover $9,548.19 (3 months x $3,182.73). Moreover, if the case proceeds to trial by the end of March 2024—approximately one year from when Plaintiff served Defendant with the Complaint—and Plaintiff remains unemployed, the amount in controversy on lost wages would be a total of approximately 12 months, or roughly $38,192.76.

26.　　In addition, front pay awards in California frequently span a number of years. *See Rabaga-Alvarez v. Dart Indus.*, Inc., 55 Cal. App. 3d 91, 97 (1976) (four years); *Drzewiecki v. H&R Block, Inc.*, 24 Cal. App. 3d 695, 705 (1972) (ten years). Even conservatively estimating that Plaintiff seeks front pay benefits for only the three years after trial, the amount of future wages in controversy in this case would total at least an additional $114,578.28 (36 months x $3,182.73). Thus, if this case goes to trial in March 2024, it may reasonably be estimated that Plaintiff's claims of back pay and front pay would alone total an estimated $124,126.47.

**C.　Punitive Damages**

27.　　Plaintiff also seeks punitive damages. (Darrow Decl., ¶ 2, Exh. A, Prayer for Relief ¶ 6). "It is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).

28.　　A defendant may use damage awards in other cases to establish the amount in controversy. *Simmons v. PCR Tech.*, 209 F Supp. 2d 1029, 1033 (N.D.

LITTLER MENDELSON
P.C.
Attorneys at Law
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

8

DEFENDANT'S NOTICE TO FEDERAL
COURT OF REMOVAL

Cal. 2002). California law provides no specific monetary limit on the amount of punitive damages that may be awarded under Civil Code section 3294. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994). Additionally, employment discrimination cases have the potential for large punitive damages awards. *Simmons*, 209 F. Supp. 2d at 1033. Indeed, punitive damage awards have equaled as much as four times the amount of the actual damages award. *State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003). In *Aucina v. Amoco Oil, Co.*, 871 F. Supp. 332 (S.D. Iowa 1994), the defendant employer established that the amount in controversy exceeded the jurisdictional minimum in a discrimination and wrongful discharge lawsuit where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct," the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. *Id.* at 334; *see also, Simmons*, 209 F. Supp. 2d at 1033 (citing employment discrimination cases involving punitive damages awards). Accordingly, Plaintiff's claim for punitive damages alone places at least $75,000 in controversy.

### D. Attorneys' Fees

29.    Plaintiff also seeks attorneys' fees. (Darrow Decl., ¶ 2, Exh. A, Prayer for Relief ¶ 5). Attorneys' fees potentially recoverable by statute are also included in determining the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). In actions brought under the FEHA and CFRA, the court, in its discretion, may award to the prevailing party reasonable attorneys' fees. Cal. Gov't Code § 12965(b).

30.    Any estimate of attorneys' fees includes fees over the life of the case, not just the fees incurred at the time of removal. *Sasso v. Noble Utah Long Beach, LLC*, Case No.: CV 14-09154-AB (AJWx), at *7 (C.D. Cal. Mar. 3, 2015). "Recent

LITTLER MENDELSON P.C.
Attorneys at Law
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

9

DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL

estimates for the number of hours expended through trial for employment cases in [the Central District of California] have ranged from 100 to 300 hours. Therefore, 100 hours is an appropriate and conservative estimate. Accordingly, attorneys' fees in [an employment discrimination case alleging wrongful termination] may **reasonably be expected to equal at least $30,000** (100 hours x $300 per hour)." *Id.* (emphasis added). Thus, Plaintiff's demand for attorneys' fees adds at least $30,000 to the amount in controversy, which is an extremely conservative estimate. *See e.g., Flannery v. Prentice*, 26 Cal. 4th 572 (2001) (upholding an award of attorneys' fees under the FEHA for $971,684); *Dwyer v. Crocker Nat'l Bank*, 194 Cal. App. 3d 1418 (1987) (upholding award of $75,258 in attorneys' fees under the FEHA); *Zissu v. Bear, Stearns & Co.*, 805 F.2d 75 (1986) (upholding $550,000 in attorneys' fees awarded under the FEHA); *Begazo v. Passages Silver Strand L.L.C.*, JVR No. 1706020057 (Cal. Super. 2017) (court awarding $375,568 in attorneys' fees in FEHA action).

31. To date, Plaintiff has certainly incurred fees and costs in preparing and filing her Complaint. In fact, at an assumed rate of $300 per hour, Plaintiff's counsel would need to spend only 250 hours of attorney time (a very conservative estimate of time spent through trial) to incur $75,000 in reasonable attorneys' fees (250 x $300 = $75,000).

32. Although Defendant does not concede Plaintiff's claims have any merit, when the relief sought by Plaintiff is taken as a whole, the amount in controversy for Plaintiff's claims significantly exceeds the $75,000 jurisdictional threshold. Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441.).

/ / /

/ / /

LITTLER MENDELSON P.C.
Attorneys at Law
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

10

DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL

1 | **VI.    NOTICE TO THE COURT AND PARTIES**

2 |       Contemporaneously with the filing of this notice of removal in the United

3 | States District Court for the Central District of California, Southern Division,

4 | written notice of such filing will be given by the undersigned to Plaintiff's counsel

5 | of record and a copy of the notice of removal will be filed with the clerk of the

6 | court for the Superior Court of the County of Orange.

7 | **VII.    CONCLUSION**

8 |       WHEREFORE, having fulfilled all statutory requirements, Defendant

9 | removes this action from the Superior Court of the State of California for the

10 | County of Orange, to this Court, and requests this Court assume full jurisdiction

11 | over this matter as provided by law.

12 |

13 | Dated:        April 14, 2023

LITTLER MENDELSON P.C.

14 |

15 |

16 | /s/ Chase Parongao
_____
Tanja L. Darrow
Chase Parongao

17 |

18 | Attorneys for Defendant
NATIONWIDE MUTUAL
INSURANCE CO.

19 |

20 | 4893-8225-4941.1 / 111742-1030

LITTLER MENDELSON
P.C.
Attorneys at Law
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANT'S NOTICE TO FEDERAL
COURT OF REMOVAL